IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSEMARY TORRES,

      Plaintiff,

v.                                                     CV 09-0271 WJ/WPL

JOHN McHUGH, SECRETARY,
DEPARTMENT OF THE ARMY,

      Defendant.

**ORDER**

On December 14, 2009, Plaintiff filed a Motion to Compel or in the Alternative a Motion to Extend Discovery. (Doc. 24.) In the motion, Plaintiff's counsel states that she served discovery requests on Defendant "by facsimile and first class mail on November 6, 2009," believing that the requests were timely. (*Id.* at 1.) But on December 8, 2009, she received a letter from Defendant's counsel stating that he would not answer the discovery requests because they were untimely and improperly served by fax. Plaintiff requests that Defendant be compelled to respond to the discovery requests, or in the alternative, that the discovery deadline be extended.

On January 5, 2010, Defendant's counsel filed a response in which he denies that the November 6 discovery requests were served by first class mail. (Doc. 33.) Counsel further states that he never consented in writing to accept service by fax. Counsel argues that even if service was effectuated by fax, the discovery requests were still untimely. Finally, Defendant's counsel asserts that the alternative motion to extend the discovery deadline should be denied because Plaintiff's counsel has not shown good cause for an extension.

Plaintiff neither requested an extension of time to file a reply to Defendant's response nor notified the Court that the parties had agreed to an extension of time. *See* D.N.M.LR-Civ. 7.4(a). Accordingly, Plaintiff's reply was due on January 22, 2010. *See* FED. R. CIV. P. 6(d); D.N.M.LR-Civ. 7.4(a). No reply has been filed. "The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete." D.N.M.LR-Civ. 7.1(b). The motion is therefore ready for a ruling.

*Discussion*

The parties' Joint Status Report and Provisional Discovery Plan (JSR) proposed that all discovery be commenced in time to be completed by December 7, 2009. (Doc. 11.) In accordance with the parties' proposal, my Order Setting Pretrial Deadlines and Adopting Joint Status Report set December 7, 2009 as the termination date for discovery. (Doc. 15 at 1.) That order further provided that "discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline." (*Id.*)

Responses to interrogatories and requests for production are due within thirty days after service of these discovery requests. FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). A party has three extra days to respond if the requests were served by mail or fax. *See* FED. R. CIV. P. 5(b)(2)(C), (E); FED. R. CIV. P. 6(d).

Plaintiff's counsel sent her first interrogatories and her first requests for production on November 6, 2009. If these discovery requests were sent by mail and fax—as Plaintiff's counsel claims in her motion—Defendant's responses were due on December 9, 2009. The discovery requests would thus be untimely under the terms of the parties' JSR and my scheduling order.

Furthermore, there is no evidence that the discovery requests were served by mail. Although Plaintiff's counsel claims that she sent them by first class mail, Defendant's counsel states in his response that this claim is "untrue." (Doc. 33 at 4.) The certificates of service do not demonstrate that the United States Postal Service was used. The certificate of service for the interrogatories states that they were sent by "mail this 6[th] day of November, 2009, by facsimile . . . ." (Doc. 24 Attachment 1.) The certificate of service on the requests for production states that they were "mailed this 6th day of November, 2009, by facsimile . . . ." (*Id.*) These certificates contrast with those on Plaintiff's notices of deposition, which state that the notices were "served . . . by facsimile and first class regular mail . . . ." (Doc. 33 Ex. A.)

If the discovery requests were sent only by fax, they were not properly served. Service may be accomplished by electronic means if the served party consented in writing to that type of service. FED. R. CIV. P. 5(b)(2)(E). This provision applies to facsimile transmissions. *See United States v. Flowers*, 464 F.3d 1127, 1131 (10th Cir. 2006) ("The Federal Rules of Civil Procedure allow service by fax only when the party being served by fax has consented to it in writing."). Plaintiff's counsel does not allege that Defendant's counsel agreed in writing to service by fax, and Defendant's counsel expressly denies that he consented.

Plaintiff's counsel does contend that they "engaged in discovery using by method of service a fax machine." (Doc. 24 at 2.) She claims that "[d]epositions were set and noticed by fax. Both parties agreed to produce witnesses in their control based upon notice by fax." (*Id.*) Defendant's counsel indicates that discovery was not served by fax. In any event, consent to service by fax must be written and cannot be implied from past conduct. *See* FED. R. CIV. P. 5 advisory committee's note to 2001 amendment.

3

In short, Plaintiff has not established that the discovery requests were sent by mail or that Defendant consented to service by fax. Thus, she has not shown that Defendant was actually served with the requests in compliance with the Federal Rules of Civil Procedure. Since Plaintiff has not even established that she served her discovery requests on Defendant, she has not shown that Defendant should be compelled to respond to them.

Plaintiff alternatively requests that the discovery deadline be extended. The Federal Rules of Civil Procedure and my scheduling order allow an extension of the discovery deadline only upon a showing of good cause. *See* FED. R. CIV. P. 16(b)(4). The Advisory Committee has suggested that good cause exists when the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16 advisory committee's notes to 1983 amendment.

Plaintiff's motion does not attempt to show that counsel exercised diligence. The initial scheduling conference was held on July 27, 2009 (*see* Doc. 14), and the scheduling order issued the same day. As pointed out in Defendant's response, Plaintiff's counsel does not explain why she waited over three months to make her first requests for written discovery.

The only excuse offered in the motion for failing to meet the deadline is that it was counsel's "belief" and "understanding" that the discovery was timely. (Doc. 24 at 1-2.) Assuming that counsel's erroneous impression constitutes excusable neglect, excusable neglect is not the same as good cause. *See Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996) (holding that "'good cause' requires a greater showing than 'excusable neglect'" in the context of Rule 4).

Attempting to demonstrate prejudice from the absence of written discovery, the motion states generally that the discovery would be helpful at trial and to counter the motion for summary judgment. But Plaintiff subsequently filed a response to Defendant's summary judgment motion and did not assert in that response that she cannot present facts to support her opposition to summary

4

judgment because the discovery requests were not answered.  *See* FED. R. CIV. P. 56(f).  Moreover, "[a] party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from [her] own inaction."  *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992).

Eliminating a party's opportunity to conduct any written discovery is not a decision to be taken lightly, especially when the discovery deadline was missed by only two days.  Here, however, counsel filed a bare-bones, two-page motion to compel or to extend the deadline, citing no authority and offering no justification for failing to serve her discovery requests in a timely and proper way.  In the face of Defendant's response, which contradicts critical assertions of fact made in the motion and points out the failure to show good cause, Plaintiff filed no reply.  Under these circumstances, an extension of the discovery deadline is not warranted.

IT IS THEREFORE ORDERED that the Motion to Compel or in the Alternative a Motion to Extend Discovery is DENIED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.