IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSEMARY TORRES,

    Plaintiff,

v.                                                                                          No. 09-CV-271 WJ/WPL

JOHN McHUGH, SECRETARY,
DEPARTMENT OF THE ARMY,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendant Secretary of the Army John McHugh's Motion for Summary Judgment (Doc. 29).  Plaintiff Rosemary Torres filed this suit against Defendant alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"), when she was not selected for two separate promotions. Plaintiff's retaliation claims fail because she did not personally engage in any protected activity under Title VII and because she has not produced any evidence of a causal connection.  In addition, Plaintiff's claims of age discrimination fail because Defendant has proffered a legitimate, non-discriminatory reason for his actions.  Therefore, this Court GRANTS Defendant's Motion for Summary Judgment.

**BACKGROUND**[1]

---

[1] This background is drawn from Defendant's Statement of Undisputed Material Facts. While Plaintiff ostensibly objects to these facts at various points, she has not presented any evidence which "specifically controverts" these facts as required by the local rules, *see*

Plaintiff Rosemary Torres works as a Budget Analyst for the Department of the Army at White Sands Missile Range ("White Sands") in New Mexico. She is classified as a GS-11 employee and was over 40 years old at the time these events occurred. Plaintiff's complaint arises out of two separate non-selection decisions—one in 2007 and one in 2008. At all relevant times, Rosa Sandoval was Plaintiff's immediate supervisor and Robert Romero was Plaintiff's second line supervisor.

2007 Decision. In early 2007, Plaintiff applied for two vacant budget analyst positions. The Civil Personnel Advisory Center at White Sands identified the most qualified twenty-five applicants, of which Plaintiff was one, and forwarded the names to Rosa Sandoval. Ms. Sandoval reviewed the applications and identified her personal top ten candidates based on their qualifications. Ms. Sandoval identified Plaintiff as one of her top ten candidates. She then convened a three-person panel to review and rank the applicants' resumes. Each of the three panel members was given the resumes of the top twenty-five candidates and well as Ms. Sandoval's top ten list. Each panel member was asked to review the resumes and rank the candidates based on the following criteria: a) budget programming; b) budget analysis; c) fund control; d) use of accounting systems; e) budget and accounting process; f) innovative; and g) customer service. A candidate could receive a maximum of 60 points—10 points for each of the first five criteria and 5 points for each of the last two criteria. The panel members assigned a numerical score to each candidate and forwarded the top thirteen candidates to Ms. Sandoval.

Each of the three panel members ranked Plaintiff in one of the bottom three slots—Ms.

---

D.N.M.LR-Civ. 56.1(b), and Rule 56 of the *Federal Rules of Civil Procedure*. In addition, several of her objections are actually not objections but merely attempts to add irrelevant facts to the Defendant's narrative.

Fragoso ranked Plaintiff eleventh with a score of 32, Ms. Valdez ranked Plaintiff twelfth with a score of 35 points, and Ms. Rountree ranked Plaintiff thirteenth with a score of 21 points. When Ms. Sandoval received the scores, she averaged the scores for each candidate. Using the averaged scores, Plaintiff was ranked thirteenth, making her the lowest ranked candidate referred by the panel.

Ms. Sandoval selected Heidi Hennigh and Melanie Javery to fill the two budget analyst positions. Both women received average scores placing them among the top three highest ranked candidates. Ms. Sandoval submitted an affidavit attesting that she selected Hennigh and Javery because she was familiar with the quality of their work and both had been identified as "top three" candidates by the panel. Furthermore, both had taken the lead on a number of assigned projects, both had produced quality work on several highly visible projects, and both had degrees in financial management and extensive financial management training. Robert Romero concurred with Ms. Sandoval's selections. Subsequently, Plaintiff filed a complaint with White Sands' EEO office alleging age discrimination.

2008 Decision. In early 2008, Steve Mears, a GS-12 Management Analyst, decided to retire. Ms. Sandoval asked for volunteers to train with Mr. Mears and serve as his back-up until she could fill the position by a competitive process. Plaintiff volunteered for the training. Ms. Sandoval asked the Army for permission to recruit and fill Mr. Mears' position once he retired. Meanwhile, June Valdez, a GS-13 Budget Officer, expressed interest in Mears' position and asked to be reassigned to his position after Mears' retired. The Army determined that Valdez was qualified for the position and eligible for a non-competitive reassignment. Ms. Sandoval subsequently cancelled her request to fill the position competitively and reassigned Ms. Valdez to the position vacation by Mr. Mears. No vacancy announcement was ever issued for Mr.

Mears' position. As a GS-11 employee, Plaintiff was not eligible for a non-competitive reassignment to Mr. Mears' GS-12 position and could only fill the position through a competitive selection process. As a GS-13 employee, June Valdez had already competed for and occupied a position at the GS-12 level; therefore, her reassignment did not constitute a promotion because she did not receive any increase in grade or pay.

Plaintiff sued the Army, through Secretary John McHugh, for retaliation and age discrimination based on the fact that she was not selected for either promotion. Defendants then filed the instant Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

## DISCUSSION

I.   **Title VII Retaliation**

Title VII prohibits retaliation against an employee for opposing any practice made

unlawful by Title VII or for asserting a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII. 42 U.S.C. § 2000e-3(a); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998). To establish a prima facie case of retaliation, the plaintiff must show that: (1) she engaged in protected activity under Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Id.* at 1262-63.[2] Here, Plaintiff's retaliation claim with respect to the 2007 non-selection decision fails because she did not engaged in any protected activity under Title VII. Her retaliation claim with respect to the 2008 non-selection decision fails because she did not produce any evidence of a causal connection between her protected activity and the adverse employment action.

<u>2007 Non-Selection Decision</u>. In her complaint, Plaintiff identifies her protected activity as "her close association as a spouse of one who was engaged in protected Title VII activity." Amended Complaint ¶ 13 (Doc. 3). Prior to 2007, Plaintiff's husband (who also worked for the Army) filed discrimination and retaliation complaints against the Army. Plaintiff alleges that she was not chosen for the 2007 promotion in retaliation for her husband's protected activity. The problem with this allegation is that Title VII requires that the plaintiff *herself* engage in some form of protected activity.[3] Here, Plaintiff admits that she did not testify, assist or

---

[2] To the extent that Plaintiff is also alleging a retaliation claim under the ADEA, the elements of a prima facie case are identical. *See Nealey v. Water District No. 1 of Johnson County*, 324 Fed. Appx. 744, 750 (10th Cir. 2009).

[3] Another problem with Plaintiff's allegation is that Ms. Sandoval, Mr. Romero and all three members of the advisory panel submitted affidavits attesting that they did not know about Mr. Torres' previous protected activity. In order to make out a facial retaliation claim, a plaintiff must show that the decision-makers knew of the plaintiff's protected acts. *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007). Plaintiff has not proffered any evidence suggesting that any of the decision-makers in this case knew of her husband's prior EEO

otherwise participate in her husband's EEO complaints. While the Tenth Circuit has not yet ruled on whether Title VII permits third-party discrimination suits, every other circuit to address the question has answered in the negative. *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 568 (3rd Cir. 2002); *Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1226 (5th Cir. 1996); *Thompson v. N. Am. Stainless, LP*, 567 F.3d 804, 816 (6th Cir. 2009) (*en banc*); *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 819 (8th Cir. 1998). When presented with this question, all four Courts of Appeals held that, in order to bring a retaliation claim under Title VII, the plaintiff must have personally engaged in some form of protected activity. Mere association with a person who engaged in protected activity is not sufficient.

In *EEOC v. Wal-Mart Stores, Inc.*, U.S. District Judge James Parker, another judge in the District of New Mexico, reached the same conclusion. 576 F.Supp.2d 1240 (D.N.M. 2008). In that case, a Wal-Mart employee filed a discrimination charge against her employer. Months later, the employee's two children applied for jobs at the store. When Wal-Mart failed to hire either, the applicants sued Wal-Mart alleging that Wal-Mart's refusal to hire them constituted retaliation for their mother's discrimination claim. Judge Parker dismissed the retaliation claims, holding that "[t]he clear wording of the provision limits causes of action to persons who . . . participate in some way, even if minimally, in the protected activity." *Id.* at 1246. I agree with the reasoning of Judge Parker and the unanimous opinion of the Courts of Appeals that have considered this question. Title VII does not create a cause of action for persons who have not personally engaged in protected activity. Because Plaintiff does not claim that she herself engaged in any protected activity, the Defendant is entitled to summary judgment with respect to

---

activity.

this claim.

      2008 Non-Selection Decision.  With respect to the 2008 non-selection decision, Plaintiff had engaged in protected activity—namely, Plaintiff had filed a discrimination and retaliation complaint stemming from the 2007 non-selection decision.  However, Plaintiff must still show that she suffered an adverse employment action because of her prior protected activity.  As an initial matter, the Court doubts that Plaintiff suffered an adverse employment action.  Instead of filling the open position competitively, Ms. Sandoval decided to non-competitively reassign another employee to the position vacated by Mr. Mears.  It is undisputed that Plaintiff, as a GS-11 employee, was not eligible to be non-competitively reassigned to a GS-12 position.  It is also undisputed that Ms. Sandoval never issued a vacancy announcement for the position.  Essentially, Plaintiff claims she suffered an adverse employment action when Ms. Sandoval chose to fill the position non-competitively, thereby denying Plaintiff the *opportunity* to compete for the position.  Plaintiff does not cite—and this Court could not find—any Tenth Circuit case holding that this type of action constitutes an adverse employment action.[4]

---

[4] According to the Tenth Circuit, only acts that "constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action." *Barone v. United Airlines, Inc.*, 2009 WL 4547800, at *10 (10th Cir. 2009).  The facts of this case are most analogous to a failure-to-promote case.  In such cases, the Tenth Circuit requires a plaintiff to show initially that she applied for the position, that she was qualified for the position and that she was rejected. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1306-07 (10th Cir. 2005).  If the Court were to require Plaintiff to make out this type of prima facie case, Plaintiff would presumably fail.  She never officially applied for the position because no vacancy announcement ever issued.  Furthermore, because the position was filled non-competitively and Plaintiff was only a GS-11 employee, Plaintiff was not eligible for a lateral transfer into the position.  Formally, then, Plaintiff never applied for the position and, in any case, was not qualified to apply. *But see Cones v. Shalala*, 199 F.3d 512 (D.C. Cir. 2000) (holding that a decision to fill a position non-competitively may constitute an adverse employment action).

Even assuming that Ms. Sandoval's decision to fill the position non-competitively somehow constitutes an adverse employment action, Plaintiff has failed to produce any evidence that Ms. Sandoval made her decision in retaliation for Plaintiff's previous discrimination complaint. *See Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1295 (10th Cir. 1997) (noting that a plaintiff must demonstrate a causal connection by evidence justifying an inference of retaliatory motive). Because Plaintiff's prior complaints were made over a year before the 2008 non-selection decision, Plaintiff cannot rely on the temporal proximity of the two events. Furthermore, even if this Court were to conclude that Plaintiff's one-year-old activity was somehow relevant, Plaintiff would still have to put forward additional evidence of causation. *See Hennagir v. Utah Dep't of Corrections*, 587 F.3d 1255, 1266 (10th Cir. 2009) (noting that temporal proximity alone is not sufficient to establish a causal connection in Title VII retaliation claims); *Conner*, 121 F.3d at 1395 (holding that four-month lag between protected activity and adverse action is not sufficient to justify inference of causation). Moreover, Ms. Sandoval attested that she chose to fill the job non-competitively because she believed that June Valdez "could seamlessly transition into the job, filling the vacancy right away, obviating the need for back-up and avoiding the time consuming process of filling the position competitively." Declaration of Rosa Sandoval, Defendant's Exhibit B, at 4-5. Plaintiff has given this Court no reason to doubt the veracity of Ms. Sandoval's legitimate, non-discriminatory reason for filling the position non-competitively. Therefore, the Defendant is entitled to summary judgment with respect to both retaliation claims.

**II.     Age Discrimination**

Plaintiff also asserts claims of age discrimination under the Age Discrimination in Employment Act ("ADEA") with respect to both the 2007 and 2008 non-selection decision. The

8

ADEA makes it unlawful for an employer to take an adverse action against an employee because of that employee's age. A plaintiff may prove her case through direct or circumstantial evidence of the employer's discriminatory intent. Before turning to Plaintiff's evidence, however, the Court must grapple with the preliminary question of Plaintiff's burden of proof.

Burden of Proof. The parties disagree on what burden of proof Plaintiff must ultimately carry at trial in order to prevail on her ADEA claim. Defendant asserts that Plaintiff must prove that age was the "but-for" cause of the employer's adverse decision; evidence that the employer merely considered age in making its decision is not sufficient. Plaintiff, on the other hand, argues that age discrimination need only be a *motivating* factor in the employer's decision; it need not be the *determining* factor. In other words, Plaintiff urges this Court to adopt a mixed-motive theory for the ADEA. For the reasons discussed below, this Court agrees with Defendant that a "but-for" analysis is the proper one. Regardless, however, Plaintiff's claims would fail under either standard because she has failed to show that age played *any* role in Defendant's decision, let alone a determining one.

In support of the "but-for" causation standard, Defendant cites to the Supreme Court's recent decision in *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343 (2009). In *Gross*, the Supreme Court held that the ADEA does not authorize mixed-motive claims and that "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.* at 2350. It anchored its holding in the statutory language of the ADEA, which reads: "It shall be unlawful for an employer . . . [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The Court reasoned that the phrase "because of" meant that age must be the determining reason behind the adverse action.

9

Notably, however, the ADEA contains two separate prohibition sections—one which applies to federal employers and one which applies to non-federal employers. The provision at issue in *Gross*, 29 U.S.C. § 623(a), dealt solely with non-federal employers. Although it is not clear from Plaintiff's complaint, Plaintiff's cause of action under the ADEA presumably arises from the federal employer provision, § 633a(a), rather than § 623(a), because Plaintiff is a federal employee. *Gross* did not mention the federal employer provision, which contains markedly different language. That provision reads: "All personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made *free from* any discrimination based on age." 29 U.S.C. § 633a. The federal employer provision does not contain the "because of" language that was so crucial to the Supreme Court's decision in *Gross*.

In the wake of *Gross*, several district courts have applied *Gross*'s "but-for" causation requirement to suits brought under the federal employer provision, without noting or discussing the provision's different language. *See, e.g.*, *Glenn v. Bair*, 643 F.Supp.2d 23 (D.D.C. 2009); *Wagner v. Geren*, 2009 WL 2105680 (D. Neb. July 9, 2009); *Shelley v. Geren*, 2009 WL 3783159 (E.D. Wash. Nov. 6, 2009); *Guerro v. Preston*, 2009 WL 2581568 (S.D. Tex. Aug. 18, 2009); *Frankel v. Peake*, 2009 WL 3417448 (D.N.J. Oct. 20, 2009). In one opinion, a judge from the Eastern District of Texas recognized the different wording of the federal employer provision and concluded that the broader language of § 633a encompasses a mixed-motive theory. *Fuller v. Gates*, 2010 WL 774965 (E.D. Tex. Mar. 1, 2010). That court reasoned that the provision's mandate that all actions must be *free from* all discrimination required a different outcome than the language at issue in *Gross*.

> Congress chose not to use the 'because of' language in §633a(a) and instead stated, 'All personnel actions . . . shall be made *free from any* discrimination based on age.' § 633a(a). This use of different language indicates that Congress

> intended the two sections to have different meanings. Unlike the 'because of' language in § 623(a), the plain meaning of 'free from any' is broad enough to embrace a mixed-motive analysis. The language of § 633a(a) compels the court to conclude that a mixed-motive analysis continues to apply in claims against the government.

*Id.* at *1. Plaintiff urges this Court to adopt the reasoning of the *Fuller* court and apply a mixed-motive analysis to claims arising under the federal employer provision.

This Court agrees with Plaintiff that *Gross* is inapplicable to the federal employer provision which contains different statutory language. Regardless, however, the Tenth Circuit has consistently applied a "but-for" causation standard to claims arising under the federal employer provision even before *Gross*. *See Lujan v. Walters*, 813 F.2d 1051, 1057 (10th Cir. 1987) (holding that, in a case arising under the federal employer provision, the jury was properly instructed that age must be the but-for cause of the employer's decision). Because *Gross* did not affect the Tenth Circuit's case law regarding the federal employer provision, it remains good law in this circuit. Accordingly, unless and until the Tenth Circuit chooses to revisit that precedent, this Court must follow Tenth Circuit law as it currently stands.

Direct Evidence. Initially, Plaintiff argues that she can prove her case through direct evidence of discrimination. Direct evidence is evidence which, if believed, proves the existence of a fact in issue without inference or presumption. *Shorter v. ICG Holdings, Inc.*, 188 F.3d 1204, 1207 (10th Cir. 1999). Plaintiff claims that White Sands Missile Range has an unwritten, verbal policy of age discrimination. Specifically, she claims that White Sands actively promotes younger employees at the expense of older, more experienced employees in an effort to bring in "younger blood" and rejuvenate an aging workforce. Amended Complaint ¶ 9, 10 (Doc. 3). As evidence, Plaintiff cites to the affidavit testimony of Ricardo Medina, Plaintiff's Exhibit 8, and Ramiro Tellez, Plaintiff's Exhibit 9, both of whom are former employees of White Sands.

Neither of these affidavits establishes that White Sands has a policy—verbal or otherwise—of age discrimination.

Mr. Medina states in his affidavit that White Sands' system of scoring resumes is "broken." He asserts that he "personally observed older employees excluded from even the consideration of promotions" and heard numerous comments about how younger applicants were "more knowledgeable" about certain technology. While employed at White Sands, Mr. Medina filed an age discrimination claim after he was denied a promotion in 2003. He states: "My case was tried before U.S. Magistrate Leslie Smith who did find that [White Sands] had engaged in age discrimination and that I had been discriminated against based upon my age."

Despite Mr. Medina's assertions, nothing in his affidavit suggests that White Sands has a verbal policy of age discrimination. While Magistrate Judge Smith did find that Mr. Medina had been subject to age discrimination, he did *not* find that White Sands had a verbal policy of age discrimination. *Medina v. Harvey*, 4-CV-1236 LCS/KBM (D.N.M. Dec. 20, 2005). Rather, he found that the selecting official in that case—Mr. Jensen—had made numerous comments about preferring younger employees for promotions. Judge Smith's decision rested entirely on the comments and actions of Mr. Jensen, not on any general policy of age discrimination. Because the offending official in that case is not involved here, this Court cannot infer that any of the decision-makers in this case were influenced by Mr. Jensen's apparent views. *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1144-45 (10th Cir. 2009) (noting that focus of discrimination claim is on the particular decision-maker and evidence of general bias must be tied to decision-maker at issue). Furthermore, the discrimination against Mr. Medina occurred in 2003. The Court cannot infer an overarching policy of age discrimination from an incident that occurred at least four years before the alleged discrimination in this case. *Id.* at 1144 (noting that

a gap of two years between alleged general bias and the adverse employment action at issue suggests a lack of temporal proximity).  Finally, Mr. Medina's assertions that he observed older employees being excluded from positions and that he heard comments about younger employees being more technologically knowledgeable do not suffice to show a general policy of age discrimination.

Mr. Tellez's affidavit suffers from similar flaws.  He alleges that he filed a complaint of age discrimination when he was passed over for a promotion in 2001.  According to Mr. Tellez, the EEOC "found that [White Sands] had a verbal policy of age discrimination."  The EEOC decision itself, however, tells a different story.  The EEOC did not hold that White Sands espoused a general policy of age discrimination.  Rather, the EEOC found that the decision-makers in Mr. Tellez's case had made multiple statements about the benefits of hiring younger workers, such as stating that younger workers are "more intelligent."  Again, there is no evidence that the decision-makers named in Mr. Tellez's complaint had any role in the decision not to promote Plaintiff.  Furthermore, the discrimination against Mr. Tellez occurred in 2001—even earlier than the discrimination against Mr. Medina.

The two affidavits cited by Plaintiff do not constitute direct evidence of age discrimination against her.  The age discrimination complaints of Mr. Medina and Mr. Tellez involved different decision-makers and occurred years before the events here.  Therefore, Plaintiff can only defeat Defendant's Motion for Summary Judgment by presenting circumstantial evidence of age discrimination subject to the *McDonnell Douglas* burden shifting framework.

Circumstantial Evidence.  Where the plaintiff lacks direct evidence, she may present

13

circumstantial evidence under the *McDonnell Douglas* burden shifting framework.[5] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008). First, the plaintiff must make out a prima facie case of age discrimination. To make out a prima facie case based on a failure to promote, the plaintiff must show: (1) she was forty years of age or older; (2) she applied for and was qualified for the position; (3) she was not selected for the position; (4) a younger candidate was selected to fill the position. *MacKenzie v. Denver*, 414 F.3d 1266, 1277-78 (10th Cir. 2005); *Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1502 (10th Cir. 1996). Here, the Defendant does not dispute that Plaintiff has established a prima facie case of discrimination.

Once a plaintiff makes out a prima facie case of age discrimination, the employer must articulate a legitimate, non-discriminatory reason for its decision—in this case, the two non-selection decisions. *MacKenzie*, 414 F.3d at 1278; *Hinds*, 523 F.3d at 1195. Ultimately, the burden shifts back to the plaintiff to prove that the employer's stated reason was a pretext for discrimination. *Id.* A plaintiff may demonstrate pretext "by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and thence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). The Court will address Defendant's

---

[5] Defendant notes, correctly, that the Supreme Court's recent decision in *Gross v. FBL Financial Services* casts some doubt on the propriety of using the *McDonnell Douglas* framework for claims arising under the ADEA. 129 S.Ct. 2343, 2349 (2009) ("This Court has never held that this burden-shifting framework applies to ADEA claims. And, we decline to do so now."). However, the Tenth Circuit has continued to apply the burden-shifting framework in ADEA cases after *Gross*. *See, e.g.*, *Reeder v. Wasatch County Sch. District*, 2009 WL 5031335, at *3 (10th Cir. 2009); *Woods v. The Boeing Co.*, 2009 WL 4609678 (10th Cir. 2009), at *2. Until the Tenth Circuit holds otherwise, this Court will continue to apply the burden-shifting analysis in ADEA discrimination cases.

articulated reasons for its decisions as well as Plaintiff's arguments regarding pretext with respect to both the 2007 and 2008 non-selection decisions.

<u>2007 Non-Selection Decision</u>.  With respect to the 2007 non-selection decision, Ms. Sandoval has put forward a legitimate, non-discriminatory reason for her decision to hire Heidi Hennigh and Melanie Javery to fill the two budget analyst positions.  As noted above, Ms. Sandoval attested that she selected Hennigh and Javery because she was familiar with the quality of their work and both had been identified as "top three" candidates by the panel.  In addition, both had taken the lead on a number of assigned projects, both had produced quality work on several highly visible projects, and both had degrees in financial management and extensive financial management training.  She further testified that Plaintiff had not volunteered to tackle hard projects and, when assigned challenging work, produced results less than what was expected from an experienced budget analyst.  Declaration of Rosa Sandoval, Defendant's Ex. B, at 3.  These proffered reasons more than satisfy Defendant's burden to articulate a facially non-discriminatory explanation for its actions.  *See Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1218 (10th Cir. 2003).

In response, Plaintiff argues that Defendant's explanation is pretextual.  First, she claims that Defendant's proffered explanation is suspect because the panel members "have no independent memory of their scoring" and "could [not] remember how they had rated the candidates."  Therefore, she concludes, the resumes "were graded in a totally subjective manner."  Plaintiff's Response, at 13 (Doc. 37).  Plaintiff's argument has no merit.  The panel members' inability to recall exactly why they had assigned specific numerical scores is not evidence of discrimination; rather, it is the natural consequence of being asked about an unremarkable moment years after the fact.  *See EEOC v. Pub. Serv. Co. of Colorado*, 2006 WL

1215393 (D. Colo. May 4, 2006), *3 (noting that evaluator's inability to recall why she gave a certain score years later did not constitute evidence of discrimination). Furthermore, the rating criteria provided to the panel members were job-related. *See Turner*, 563 F.3d at 1145-46 (holding that interview criteria which were predetermined and job-related were not excessively subjective); *Pub. Serv. Co. of Colorado*, 2006 WL at *4 (noting that process of assigning numerical scores to job-related criteria did not constitute "the kind of standardless, undocumented and 'wholly subjective' process" required to show pretext). Plaintiff has not explained how any of the predetermined criteria disadvantaged older workers. *Id.* Second, Plaintiff argues that she was objectively more experienced than either of the two employees who received the promotion. But, as Defendant points out, Plaintiff had only 19 months of experience at the GS-11 level—essentially the same amount of experience as the two selectees who each had 16 months of experience at that level. In addition, Plaintiff's own opinions about her qualifications do not give rise to material dispute of fact. *Bullington v. United Airlines*, 186 F.3d 1301, 1318 (10th Cir. 1999). Plaintiff has not shown, as she must, that she was "overwhelming[ly]" more qualified than the two candidates selected for the promotion. *Id.* at 1319. In fact, the evidence presented in this case suggests the contrary. Finally, Plaintiff claims that Ms. Sandoval's explanation is pretextual because it is inconsistent with an email she sent to White Sands' EEO office shortly after making her decision. The Court however, sees no inconsistencies in Ms. Sandoval's explanations. In her email, Ms. Sandoval states that she selected Hennigh and Javery because they had "expertise in all accounting systems" among other things. Plaintiff points out that some of these accounting systems were brand new and, therefore, none of the applicants should have had a measurable advantage in those systems. Despite Plaintiff's attempt to impart nefarious motives to Ms. Sandoval's email, the Court can

infer none.  Plaintiff has presented no evidence to dispute Ms. Sandoval's observation that Hennigh and Javery had become more proficient in the new systems than Plaintiff, regardless of when the new systems were introduced.  Because Plaintiff has not met her burden to show that any of Defendant's explanations are suspect, Defendant is entitled to summary judgment on Plaintiff's age discrimination claim with respect to the 2007 non-selection decision.

      2008 Non-Selection Decision.  Finally, Plaintiff disputes Defendant's explanation for selecting June Valdez to fill the 2008 position vacated by Steve Mears.  Ms. Sandoval attested that she chose to fill the job non-competitively because she believed that June Valdez "could seamlessly transition into the job, filling the vacancy right away, obviating the need for back-up and avoiding the time consuming process of filling the position competitively."  Declaration of Rosa Sandoval, Defendant's Ex. B, at 4-5.  Again, Plaintiff has not put forth any evidence suggesting that Ms. Sandoval's explanation is merely a pretext to hide her true motivation of age discrimination.  Plaintiff argues that White Sands initially rejected June Valdez as a candidate but then allowed her to "fine tune and even resubmit her resume" before deeming her qualified for a non-competitive reassignment.  The evidence shows, however, that Ms. Valdez was allowed to resubmit her resume because her first resume was outdated—not because, as Plaintiff implies, she was substantively unqualified.  In sum, Plaintiff has put forward no credible evidence that the decisions of Ms. Sandoval, or any other decision-maker at White Sands, were motived by age discrimination.

## CONCLUSION

      In conclusion, Defendant is entitled to summary judgment on Plaintiff's retaliation claims under Title VII as well as her age discrimination claims under the ADEA.  Plaintiff's retaliation claims fail because she did not personally engage in any protected activity under Title

VII and because she has not produced evidence of any causal connection.  Plaintiff's claims of age discrimination fail because Defendant has proffered a legitimate, non-discriminatory reason for its actions.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

    **SO ORDERED.**

                                                                                                         _____
                                                                                                          UNITED STATES DISTRICT JUDGE